# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JOHN E. WATKINS,

    Plaintiff,

vs.                                           Case No. 4:12cv215-RH/CAS

CHAPLAIN S. FOX,
MICHAEL CREWS,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, who is pro se, has filed a "motion for leave to supplement," doc. 41, and a "notice to the court or motion for injunctive relief and restraining orders," doc. 42. Defendants requested an extension of time in which to respond to Plaintiff's two motions, doc. 44, but that request has been denied in a separate order entered this day as it is clear Plaintiff's motions should be denied.

It appears that Plaintiff desires to add a related claim to his Fifth Amended Complaint, doc. 29. Plaintiff indicates in his motion, doc. 41, that he has requested to be placed "on the vegan diet." The chaplain at Gulf Correctional Institution (not a Defendant in this case) directed Plaintiff to the food service department. *Id.*

Mrs. Weeks advised Plaintiff that after confirming that Plaintiff had been on the vegan diet at his previous institution, he would be placed on that diet plan at Gulf C.I. *Id.* at 2. Plaintiff states that he has been in confinement for 35 days during which he "has not been allowed to even receive a[n] alternate meal, let alone a vegan meal." *Id.* Plaintiff states that he "is greatly aggrieved and wishes to change the relief or rather add to the relief stated in his original motion . . . ." *Id.* Plaintiff seeks monetary compensation, accruing at rates of $100.00 per day and $1,000.00 per day." *Id.* at 3.

This claim is admittedly related to the claims Plaintiff raised in the Fifth Amended Complaint. Doc. 29. Plaintiff seeks various relief pursuant to his First Amendment right to freely practice his religious faith and under the Equal Protection Clause. *Id.* As related to the instant motion, Plaintiff alleged that denial of a Halal diet violates his rights. Doc. 29.

Plaintiff was advised in the Order directing service, doc. 34, that "after a response to the complaint has been filed, no further amendments to the complaint shall be permitted by the Court unless, as required by Rule 15 of the Federal Rules of Civil Procedure, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint." Doc. 34, *citing* N.D. Fla. Loc. R. 15.1. Although Defendants have not yet filed the answer and have been given an extension of time in which to do so, Plaintiff is still required to submit the proposed amended pleading at the same time he submits a motion to amend. As Plaintiff did not do so, the motion is deficient on its face.

Moreover, under FED. R. CIV. P. 15(a), a party may generally "amend its pleading once as a matter of course" and otherwise, the "with the opposing party's written

consent or the court's leave."  Rule 15(a)(2) directs that leave should be freely given "when justice so requires."  The Eleventh Circuit has noted that rule 15(a) "severely restricts the district court's freedom."  It has held that:

> This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989).

The policy of generously permitting amendments under Rule 15(a) primarily involves new theories of liability against existing Defendants.  The decision of whether to allow a Plaintiff to join <u>additional defendants</u> is governed by a different standard.  That decision is left to the discretion of the district court.  Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992).  The court found no abuse of discretion in denying a § 1983 pro se litigant's motion to add defendants that would only be liable under a respondeat superior theory.[1]  *Id*.  Moreover, futility of amendment is sufficient cause under Rule 15 to deny permission to amend.  Nolin v. Douglas County, 903 F.2d 1546, 1550 (11thCir. 1990), *quoting*, Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Grayson v. K Mart Corp., 79 F.3d 1086, 1110 (11th Cir. 1996), *cert. denied*, 117 S.Ct. 435 (1996).

In this case, leave to amend should be denied.  Plaintiff is not asserting new theories of liability against the named Defendants.  Indeed, the Defendants named in

---

[1] The court also found an abuse of discretion in denying the same plaintiff's motion to add a John Doe defendant, but the abuse was in relying on fictitious party practice and not because it considered him to be a proper defendant (leaving that for the district court to consider on remand).  951 F.2d at 1216.

the Fifth Amended Complaint are not involved in the events at issue. Plaintiff's Fifth Amended Complaint proceeds against the chaplain at Wakulla Correctional Institution and the Secretary of the Department of Corrections. The events at issue in the motion, doc. 41, have taken place at Gulf Correctional Institution and involve persons different than the named Defendants. There is no allegation that either Defendant Fox or Crews were involved in any way in the denial of a vegan diet to Plaintiff at Gulf C.I.

Additionally, Plaintiff's desire to amend is premised on a request to amend the relief requested and seek compensatory damages accumulating at the rate of $100.00 per day and $1000.00 per day. Doc. 41 at 3. Plaintiff's claim is premised upon the denial of a vegan diet meal. Plaintiff has not alleged suffering any physical injury as a result of the alleged denial. Because there is no physical injury to Plaintiff as a result of the alleged First Amendment violation (if it may be said that denial of a vegan diet constitutes the denial of the right to practice one's religious faith), would necessarily be limited to nominal damages. 42 U.S.C. § 1997e(e). Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[2], reinstating in part 190 F.3d 1279 (11th Cir. 1999); Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table). Thus, it is futile to amend the complaint to present a claim for damages that is barred and for which the named Defendants are not liable. The motion to amend, doc. 41, should be denied.

Plaintiff also seeks injunctive relief and a restraining order directing "the food service director to place [Plaintiff] on the Vegan diet, without further delay, or furnish

---

[2] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), cert. denied 121 S. Ct. 2214 (2001). The parts of the panel opinion relevant to this legal issue were reinstated.

Case No. 4:12cv215-RH/CAS

him with a diet consistent with the dictates of his religion." Doc. 42 at 2. Plaintiff also seeks an advisory order that would include a warning "that retaliation, or anything that could be remotely considered such, will result in a" $25,000.00 fine or require Plaintiff's "immediate transfer to an institution in region three . . . ." *Id.* Because Plaintiff's motion to amend, doc. 41, should be denied, Plaintiff has not shown an entitlement to injunctive relief. The second motion, doc. 42, should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to amend, doc. 41, be **DENIED,** that the motion for injunctive relief, doc. 42, be **DENIED,** and this case **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 6, 2013.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**