IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN E. WATKINS,

    Plaintiff,

vs.                                               Case No. 4:12cv215-RH/CAS

CHAPLAIN S. FOX,
MICHAEL CREWS,

    Defendants.

_____/

## SECOND REPORT AND RECOMMENDATION

Pending in this case is a motion to dismiss, doc. 47, filed by Defendants Crews and Fox.  Plaintiff, who is pro se, has filed a response in opposition to the motion, doc. 50, supported by several attachments, doc. 52.  The basis for the motion to dismiss is that Plaintiff did not disclose all prior cases as required by this Court's civil rights complaint form and Plaintiff failed to exhaust administrative remedies as to one of his claims for relief.  Doc. 47 at 3-5.  Defendants also contend that because Plaintiff does not request relief related to several of his claims, those claims are insufficient under Rule 8.  *Id.* at 12-13.  Moreover, since Defendant Fox cannot provide the relief requested, Defendants contend he should be dismissed from this case.  *Id.* at 13.

**Allegations of the Fifth Amendment Complaint**, doc. 29

In general, Plaintiff raises claims under the First Amendment and contends he has been denied the right to freely practice his religious faith, Sunni Muslim. Specifically, Plaintiff contends he is not allowed a Halal diet, not provided Halal during the Eids, and he is required to participate in an inclusive Jumu'ah Prayer with Nation of Islam adherents. *Id.* at 6-9. Plaintiff also challenges the denial of Muslim prayer oils and contends he is prohibited from growing a beard, both conditions are raised on First Amendment and Equal Protection grounds. *Id.* at 6-8. Plaintiff further contends that his R.L.U.I.P.A. rights are violated as well. *Id.* at 9. As relief, Plaintiff requested only that the Department of Corrections "have Halal food catered to every institution that does not offer halah diets for Islamic adherents." Doc. 29 at 10.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009), *quoting* <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. 1955.[1] "A claim has facial plausibility when the plaintiff pleads factual content that

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss. <u>Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993). Dismissal is not permissible because of "a judge's

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949, *citing* Twombly, 550 at 556; *see also* Speaker v. U.S. Dept. of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 at 556.  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 at 557.

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  *Pro se* complaints are held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), *quoted in* Twombly, 127 S.Ct. at 1966.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but it must provide the grounds for a

---

disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

plaintiff's entitlement to relief beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S.Ct. at 1964-65.

> If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56.

Swierkiewicz, 122 S.Ct. at 998-999.

**Disclosure of Prior Cases**

The complaint used in this Court requires a prisoner to provide information about any prior cases filed. Defendants contend that Plaintiff did not thoroughly and truthfully complete the complaint form and, thus, this case should be dismissed for abuse of the judicial process as a sanction. Doc. 47 at 3-5, 14. Defendants point out that Plaintiff failed to disclose a prior case which "bears a striking resemblance to the complaint in this case." *Id.* at 4. Case number 4:12cv70-SPM/GRJ was initiated on February 10, 2012, doc. 1 of that case, but was dismissed without prejudice *sua sponte* because four prisoners, including Plaintiff John E. Watkins, sought to jointly litigate the case and Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001), requires each prisoner to pay his own filing fee for his own case. The Report and Recommendation, doc. 7, was adopted on March 13, 2012, doc. 9, and the appeal was dismissed. Doc. 21 of that case. The life of that case was barely a month and Plaintiff was never assessed a filing fee.

Defendants point to case number 8:92cv384, filed in the Middle District of Florida, Tampa Division, in March of 1992. Because the case was initiated over twenty years ago, the only docket information provided is to identify the case as a habeas petition filed under § 2254 by John E. Watkins, pro se, who provided an address at the

Central Florida Reception Center. No inmate number is listed to confirm Plaintiff's identity, but Plaintiff's incarceration history as shown on the Department of Corrections' website indicates he was in custody from August of 1991 through July of 1998. Plaintiff has been incarcerated on his current prison term from December of 2006, serving a twenty-five year sentence for an offense committed in Polk County, Florida. For present purposes, it will be assumed that the petition was filed by Plaintiff some twenty-two years ago.

Defendant points to a third case, also filed in the Tampa Division of the Middle District, which Plaintiff did not acknowledge in the Fifth Amendment Complaint. Case number 8:92cv193 was initiated on February 13, 1992, but immediately closed on March 2, 1992. The docket indicates it was closed because Plaintiff was "functionally asserting a habeas corpus claim which requires filing of separate habeas corpus petition." Presumably case number 8:92cv384 as noted above was filed in response to this case, and after Plaintiff was provided with the proper habeas corpus forms.

Finally, Defendants point to another § 2254 habeas petition filed in the Tampa Division. Case 8:06cv2024 was initiated on October 30, 2006, but immediately denied as having been prematurely filed on November 1, 2006. Doc. 3 of that case. Petitioner had not yet been sentenced and, pursuant to the <u>Younger</u> abstention, a federal court should not interfere with ongoing state criminal proceedings. *Id.* That case lasted only two days.

It is true that Section IV of the complaint form requires disclosure of a prisoner's prior litigation. Page 3 of the complaint form, question B, asks: "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this

action?" Plaintiff answered this question "No." Doc. 29 at 3. This is not correct as Defendants have demonstrated that Plaintiff filed case number 4:12cv70. Yet, as noted above, Plaintiff was never assessed a filing fee, and the case was dismissed within a month of initiation. While Plaintiff should have disclosed the case, it is understandable that he did not. It is also understandable that Plaintiff did not list all of the habeas petitions considering their age, and the fact that the last case was filed so prematurely. It is noteworthy that Plaintiff <u>did</u> disclose several other prior cases he filed, including one case (case number 8:08cv1349) which he properly acknowledges as having been dismissed in 2005 for failing to disclose other cases. Doc. 2 of that case (Plaintiff failed to list having filed case number 8:07cv740, although he had listed case number 8:07cv2184).[2] It does not appear that Plaintiff's failure to list his prior cases was an intentional act of deceit; rather, Plaintiff did not fully appreciate the need to list cases which were initiated, but never progressed. Plaintiff's failure to list cases is excusable.

A federal court has inherent power to control the judicial proceedings and the conduct of the parties involved. In <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991), the Supreme Court acknowledged that " 'certain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.' " <u>Chambers</u>, 501 U.S. at 43, 111 S. Ct. at 2132, 115 L. Ed. 2d at 44, *quoting* <u>United States v. Hudson</u>, 11 U.S. (7 Cranch) 32, 34, 3 L. Ed. 259, 260 (1812); *see also* <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 764, 100

---

[2] Plaintiff listed both of those cases in his Fifth Amendment Complaint. Doc. 29 at 5.

Case No. 4:12cv215-RH/CAS

S. Ct. 2455, 2463, 65 L. Ed. 2d 488 (1980).  These inherent powers are necessary for "courts to manage their own affairs" and "achieve the orderly and expeditious disposition of cases."  Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, 115 L. Ed. 2d at 44, quoting Link v. Wabash R. Co., 370 U.S. 626, 630-631, 82 S. Ct. 1386, 1388-1389, 8 L. Ed. 2d 734 (1962). The Court went on to state that "a court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud."  Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, citing Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 580, 66 S. Ct. 1176, 1179, 90 L. Ed. 1447 (1946).  Yet, these "inherent powers must be exercised with restraint and discretion."  Chambers, 501 U.S. at 44, 111 S.Ct 2132.  The key to invoking this authority is a finding of bad-faith conduct.  Plaintiff's conduct does not rise to that level and the motion to dismiss this entire case for Plaintiff's omissions should be denied.

**Exhaustion**

Defendants have demonstrated that Plaintiff did not exhaust administrative remedies as to his request for prayer oils.  Doc. 47 at 5.  Plaintiff attempted to pursue all three levels of the grievance process, but his grievance appeal was returned as untimely.  Id. at 9-11.  Defendants submitted copies of Plaintiff's grievances on this issue which reveals that a response was issued on Plaintiff's formal grievance on November 8, 2011.  Doc. 47, Ex. C (doc. 47-43).[3]  Plaintiff's grievance appeal is signed

---

[3] Defendants contend that Plaintiff attempted to manipulate the timeliness issue by providing his initials on the bottom of the formal grievance indicating he did not receive the response until November 29, 2011, and he replied that same day.  Doc. 47, Ex. C; see doc. 47 at 12.  This issue need not be addressed because, as will be explained in greater detail ahead, it was incumbent on Plaintiff to seek leave to respond out of time.

and dated by Plaintiff on November 29, 2011, but the "Receipt for Appeals Being Forwarded to Central Office" located on the bottom of the form shows it was not submitted by Plaintiff until December 1, 2011. Doc. 47, Ex. D (doc. 47-4). The response on that appeal states it was not received "within 15 calendar days of the institutional response" and, therefore, was "returned without action." Doc. 47, Ex. E (doc. 47-5). Defendants assert that because Plaintiff did not submit any further grievances concerning the prayer oils, see doc. 47, Ex. F (doc. 47-6), and because his appeal was untimely, that claim "is not properly exhausted and must be dismissed." Id. at 12. In response, Plaintiff contends that even if he had submitted his appeal within the proper time, the response "would have been the same as the rest of Plaintiff's grievances." Doc. 50 at 4.

     Pursuant to the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998). The exhaustion requirement of § 1997e(a) is not jurisdictional, however. Bryant v. Rich, 530 F.3d 1368, 1374 n.10 (11th Cir.), cert. denied, 129 S.Ct. 733 (2008) (citing Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2392, 165 L.Ed.2d 368 (2006)). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; see also Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)

(holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons).

    A prisoner must also comply with the process set forth and established by the grievance procedures. See Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). In other words, not only must a prisoner exhaust a claim under § 1997e(a), the "PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006) (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements). Even if a grievance is initially denied as untimely, a prisoner must appeal the denial of the grievance. See Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999)(noting Georgia's inmate grievance procedures allow "the grievance coordinator to waive the time period for filing a grievance if 'good cause' is shown"); Bryant v. Rich, 530 F.3d at 1373. If one claim is unexhausted, the Court may separate that claim out and proceed on only those claims that have been exhausted. Brown, 212 F.3d at 1206, n.1; Jones, 549 U.S. at 223, 127 S.Ct. at 925 (rejecting a "total exhaustion rule" and requiring dismissal only of those unexhausted "claims," not an entire "action.").

    Defendants "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th

Cir. 2008), *relying on* Jones v. Bock, 549 U.S. 199, 127 S.Ct. at 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Dixon v. United States, 548 U.S. 1, 8, 126 S.Ct. 2437, 2443, 165 L.Ed.2d 299 (2006) (stating that, as a "general evidentiary rule," the burdens of production and persuasion are given to the same party).

The Department's Rules provide that a response to an informal grievance shall be provided within 20 days. FLA. ADMIN. CODE R. 33-103.011(3)(b). The Department complied with that Rule as Plaintiff's formal grievance was submitted on October 26, 2011, and a response was provided on November 8, 2011. Doc. 47-3. Further, the Rules provide that "expiration of a time limit at any step in the process shall entitle the [prisoner] to proceed to the next step of the grievance process." FLA. ADMIN. CODE R. 33-103.011(4). As for the suggestion that Plaintiff did not receive a timely response to his formal grievance and, thus, his submission of the appeal should be considered timely, that must be rejected. If Plaintiff did not receive a timely response, he was entitled to proceed with the appeal without waiting for a response to the formal grievance. Thus, it does not help Plaintiff to provide a notation indicating he received the response some twenty-one days after it was dated. *See* doc. 51 at 13. When the 20 day response period ended, Plaintiff should have submitted his appeal.

There is no evidence that Plaintiff pursued another remedy available to him. The Rules permit an inmate to request an extension of time to submit his grievance. Rule 33-103.011(2) provides that an extension "shall be granted when it is clearly demonstrated by the inmate to the satisfaction of the . . . Secretary that it was not

feasible to file the grievance within the relevant time periods and that the inmate made a good faith effort to file in a timely manner."  Plaintiff did not make a request to submit his appeal late.  Regardless of whether Plaintiff submitted it on November 29 or December 1, 2011, it was late.  Pursuant to the well established law cited above, the claim for prayer oils should be dismissed.

**Relief Issues**

Defendants raise two arguments in the motion to dismiss concerning Plaintiff's request for relief.  First, Defendants contend that Plaintiff's only requested relief concerned one issue in this case, the provision of Halal food, but he "request[ed] no relief related to his allegations pertaining to a general [H]alal diet, grooming, inclusive Jumah prayer services, and prayer oils."  Doc. 47 at 13.  Plaintiff's stated relief request was to require the Department of Corrections to "have [H]alal food catered to every institution that does not offer [H]alal diets for Islamic adherents, and that the alternatives offered by Plaintiff be ordered for D.O.C. to follow."  Doc. 29 at 10.  By including a request that his alternatives be followed, Plaintiff appears to ask that his proposed "least restrictive means" suggestions as included in his grievances be ordered as relief.  *See* doc. 50 at 6.  He requested permission to "grow a beard up to ¼ of an inch" as an alternative to the no beard rule.  *See* doc. 51 at 24-28.  Plaintiff also requested "separate services or either different rooms, which is feasible," for his claim concerning the Jumah services.  *See* doc. 51 at 31-34.  Thus, the request to dismiss Plaintiff's claims for failure to assert a request for relief should be denied.

Defendants second argument is that Defendant Fox should be dismissed because "Defendant Fox cannot provide the relief requested" by Plaintiff.  Doc. 47 at 13.

Case No. 4:12cv215-RH/CAS

Plaintiff's claim against Defendant Fox is premised on his authority as Senior Chaplain at Wakulla Correctional Institution.  Doc. 29 at 2.  However, it appears that Defendant Fox is merely enforcing a policy of the Department for which the Secretary would be held responsible, should Plaintiff be successful in this case.  Any relief granted to Plaintiff would be at the direction of the Secretary and carried out through Defendant Fox at Wakulla Correctional Institution.  Defendant Fox is an unnecessary party to this case as relief would come through the Secretary, Defendant Crews.  Moreover, Plaintiff is no longer housed at Wakulla Correctional Institution but is currently incarcerated at Gulf Correctional Institution.  Even if Defendant Fox were directed to take some action, it would not benefit Plaintiff because he is located at a different institution.  The motion to dismiss Defendant Fox should be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss, doc. 47, be **GRANTED in part** and **DENIED in part**.  Plaintiff's fifth amended complaint, doc. 29, should be **DISMISSED** as to Defendant Fox and Plaintiff's claim concerning the prayer oils because it is unexhausted, but all remaining claims should continue against Defendant Crews.  It is also **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 9, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.