IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN E. WATKINS,

    Plaintiff,

v.                                      CASE NO. 4:12cv215-RH/CAS

CAPLAIN S. FOX et al.,

    Defendants.

_____/

## ORDER ON SECOND REPORT AND RECOMMENDATION

The plaintiff John E. Watkins, a state prisoner, complains that the Department of Corrections has denied the free exercise of religion in several respects. The case is before the court on the magistrate judge's second report and recommendation, ECF No. 55, and the objections, ECF No. 57. I have reviewed *de novo* the issues raised by the objections.

The second report and recommendation is correct and is adopted as the court's opinion. This order further addresses two issues raised in the objections.

First, one of Mr. Watkins's claims is that the Department has denied the use of prayer oils that are part of Mr. Watkins's religious observance.  As correctly set out in the second report and recommendation, Mr. Watkins failed to file a timely administrative appeal from the denial of his prayer-oils grievance and thus failed to properly exhaust this claim as required by the Prison Litigation Reform Act.  The claim thus must be dismissed at this time.  Dismissal will leave Mr. Watkins free to initiate a new grievance and, if he obtains no relief through the fully-exhausted administrative process, to pursue the claim in court—either in this action, through amendment, or in a new action, whichever is appropriate (an issue on which this order expresses no opinion).   Mr. Watkins says exhaustion will be futile because the Department is sure to deny the grievance and any appeal, but that is not certain on these facts, and in any event the PLRA does not allow a court to assume such a result.

Second, Mr. Watkins says that he should be allowed to pursue his claims not only against the defendant Michael Crews in his official capacity as Secretary of the Department of Corrections, but also against the defendant S. Fox, the chaplain of Mr. Watkins's former institution.  Mr. Watkins says Mr. Fox was responsible for the constitutional violations that occurred while Mr. Watkins was at that institution.  But Mr. Watkins has demanded, and if he prevails he apparently will be entitled to, only prospective relief.  Full relief can be granted against the

Secretary. Relief against Mr. Fox will not help Mr. Watkins, who is no longer in Mr. Fox's institution. The second report and recommendation correctly concludes that the claims against Mr. Fox should be dismissed.

For these reasons and those set out in the second report and recommendation,

IT IS ORDERED:

The second report and recommendation, ECF No. 55, is ACCEPTED and adopted as the court's opinion. The defendants' motion to dismiss, ECF No. 47, is GRANTED IN PART and DENIED IN PART. The claims against the defendant S. Fox and the prayer-oils claims are dismissed without prejudice. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b). The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on May 9, 2014.

s/Robert L. Hinkle<br>United States District Judge