IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN E. WATKINS,

    Plaintiff,

v.                                CASE NO.  4:12cv215-RH/CAS

JULIE JONES,

    Defendant.

_____/

## ORDER GRANTING SUMMARY JUDGMENT

The plaintiff John E. Watkins is an inmate in the Florida Department of Corrections.  When Mr. Watkins filed this case, the Department had policies that allegedly prevented him from exercising his Sunni Muslim religion in four specific respects.  He could not grow a quarter-inch beard.  The Department did not provide kosher food or other food that Mr. Watkins found religiously acceptable.  Mr. Watkins says he could not obtain required food (even food brought in from outside) during specific religious observances.  And the Department did not allow separate Sunni Muslim religious services; instead, the Department made available combined services for Sunni Muslims and adherents of other Islamic faiths.

Mr. Watkins seeks an injunction against the defendant Secretary of the Department of Corrections ending these policies, which Mr. Watkins contends violate the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc et seq.  For convenience, this order draws no distinction between acts of the Department and the Secretary, generally attributing to "the Department" not only the Department's policies but also the Secretary's litigating positions.

The case is before the court on the Department's and Mr. Watkins's cross-motions for summary judgment, the magistrate judge's report and recommendation, and the Department's objections.  I have reviewed de novo the issues raised by the objections.

The report and recommendation correctly sets out the background, summarizes the record evidence, and analyzes the applicable law.  This order adopts the report and recommendation as the court's opinion in relevant respects, with one different conclusion.

The Department has changed its beard and food policies.  The Department says Mr. Watkins's challenges to these policies are moot.  The report and recommendation concludes the challenges are *not* moot.

Whether a government's voluntary cessation of challenged conduct renders a case moot is not always clear.  The Eleventh Circuit has said that it

> has consistently held that a challenge to a government policy that has been unambiguously terminated will be moot in the absence of some reasonable basis to believe that the policy will be reinstated if the suit is terminated. In the absence of any such evidence, there is simply no point in allowing the suit to continue and we lack [the] power to allow it to do so.

*Troiano v. Supervisor of Elections in Palm Beach Cty., Fla.*, 382 F.3d 1276, 1285 (11th Cir. 2004).

Even so, a government cannot establish mootness just by promising to sin no more. A case is moot only when "it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Harrell v. Fla. Bar*, 608 F.3d 1241, 1268 (11th Cir. 2010); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 174 (2000); *Doe v. Wooten*, 747 F.3d 1317, 1322 (11th Cir. 2014); *Rich v. Fla. Dep't of Corr.*, 716 F.3d 525, 531 (11th Cir. 2013).

For beards, the Department's change of policy was almost surely not a result of its own change of heart. Quite the contrary. At the outset of this case, the Department asserted with vigor that security concerns justified the ban on beards. The assertion was weak at best, but the assertion did show just how resistant the Department was to good-faith religious claims. The Department changed its position only in response to the Supreme Court's decision in *Holt v. Hobbs*, 135 S. Ct. 853 (2015). There the Court struck down an Arkansas policy that prohibited a Muslim from growing a half-inch beard.

In light of *Holt*, any attempt by the Department to adhere to its ban on beards would have gone nowhere; an injunction would have ended the practice. To its credit, the Department recognized the force of *Holt* and changed its policy. There is no reason to believe the Department will take any other course in the future. In the words of *Troiano*, the Department has "unambiguously terminated" its no-beards policy, and there is no "reasonable basis to believe that the policy will be reinstated if" an injunction is not entered. *Troiano*, 382 F.3d at 1285. The beards claim is moot.

The result is different for the food claim. The Department has adopted a "religious diet program" under which inmates may obtain kosher meals. Kosher meals are acceptable to Mr. Watkins; he asks nothing more. The religious diet program is now apparently available throughout the state. *See* ECF No. 90 at 3. But the Department continues to assert with vigor that it can discontinue the program and go back to its old policy whenever it wishes—including when it decides its budget will no longer support the new program.

The Department says it has exceeded its budget for several years running. It can hardly be said that the Department has unambiguously terminated its no-kosher-meals policy when it continues to insist that it is not obligated to adhere to the new program, that the program is expensive, and that the program will be discontinued if the budget gets too tight—seemingly a perennial condition.

It is true, as the Department says, that the Department can legitimately consider cost in deciding how to accommodate the free exercise of religion. The issue is whether the additional cost of the religious diet program is worth the candle. And that is an issue that must be approached with a healthy respect for the free exercise of religion. Here the cost does not justify denying Mr. Watkins a religiously acceptable diet. That is so even when due regard is afforded the Department's considerable discretion in operating its facilities and addressing security concerns.

This order thus enters an injunction upholding Mr. Watkins's right to kosher or other religiously acceptable meals. This renders unnecessary any further order requiring the Department to provide (or to allow Mr. Watkins to bring in) acceptable food during specific religious observances.

As required under the Prison Litigation Reform Act, 18 U.S.C. § 3626(a)(1)(A), I find that the injunction is (1) narrowly drawn, (2) extends no further than necessary to correct the violation of Mr. Watkins's federal rights, and (3) is the least intrusive means necessary to correct the violation. The requirement for an injunction to meet these standards applies even to cases arising under the Religious Land Use and Institutionalized Persons Act. *See United States v. Sec., Fla. Dep't of Corr.*, 778 F.3d 1223, 1227 (11th Cir. 2015).

In reaching this result, I have not overlooked the requirement to give substantial weight to any adverse impact on public safety and the operation of the Florida correctional system.  But so long as the Department runs its facilities responsibly and with due regard to the Eighth Amendment, any adverse impact will be insubstantial.

Finally, this order accepts without further discussion the portion of the report and recommendation that upholds the Department's policy allowing combined services for Sunni Muslims and adherents of other Islamic faiths.

For these reasons,

IT IS ORDERED:

1.  The report and recommendation, ECF No. 88, is accepted in part.

2.  The summary-judgment motions, ECF Nos. 76 and 84, are granted in part and denied in part.

3.  The defendant Secretary of the Florida Department of Corrections must continue to make available to the plaintiff John E. Watkins on a routine basis kosher or other religiously acceptable meals.  This injunction binds the Secretary and her officers, agents, servants, employees, and attorneys—and others in active concert or participation with any of them—who receive actual notice of this injunction by personal service or otherwise.

    4.    Mr. Watkins's claim challenging the Secretary's beard policy is dismissed as moot.

    5.    Mr. Watkins's claim challenging the Secretary's policy of making available combined services for Sunni Muslims and adherents of other Islamic faiths is dismissed with prejudice.

    6.    Any other claims are dismissed with prejudice.

    7.    The clerk must enter judgment and close the file.

SO ORDERED on September 15, 2015.

                              s/Robert L. Hinkle
                              United States District Judge